## INCOMPETENT TESTIMONY AS TO THE EFFECT OF INJURIES.

Court of Appeals for Hamilton County.

CITY OF CINCINNATI V. SUSIE C. OSBORNE.

Decided, March 8, 1915.

*Evidence—Statements by One Who has been Injured as to Pain and Suffering Caused Thereby Incompetent, When.*

Statements by one who has been injured, as to the effect of the injury and the suffering caused thereby, can not be repeated from the witness stand by a physician not in attendance on the case or by third persons, in an action in which damages are sought on account of the injury.

*Walter M. Schoenle,* City Solicitor, and *Constant Southworth,* Assistant Solicitor, for plaintiff in error.

*F. E. Burnett* and *Thomas L. Michie,* contra.

CHITTENDEN, J.

This action was brought in the common pleas court by Susie C. Osborne to recover damages from the city of Cincinnati for injuries alleged to have been sustained by a fall caused from an alleged defective sidewalk. The plaintiff recovered a verdict and judgment against the city for $4,000. A number of errors alleged to have occurred on the trial are urged as grounds for reversal.

Plaintiff called as a witness Dr. Theodore H. Wenning, who was qualified to testify as an expert. He had at no time treated the plaintiff for the injuries complained of. During the course of his examination he testified, among other things, as follows:

"From what she told me of her previous condition I should judge that this displacement was much more pronounced only after exercise."

Also:

"From what she said the displacement was very pronounced and occurred only after considerable exercise."

After further describing the condition of the plaintiff, he was asked:

"That being the case—is that from your own examination or what she told you? A. I am using both, my examination as a basis."

Objection was made by counsel for the city to the introduction of this evidence, which objection was overruled and exception lodged.

A daughter of the plaintiff was called as a witness. Among other things, she testified as follows:

"And she would always tell me just how it felt and would always tell me it hurt her very, very bad. Q. Did you hear her make any complaints of pain? A. Yes, sir. Q. How frequently? A. She complained of it all the time."

Counsel for the city moved to strike out all the evidence of the witness as to complaints, which motion was overruled and exceptions taken.

The evidence of Dr. Wenning and of the daughter as to the complaints made by the plaintiff is in direct conflict with the decision of the Supreme Court in *Pennsylvania Co.* v. *Files*, 65 O. S., 403, and *City of Cincinnati* v. *Olshewitz et al*, 89 O. S., 414. This same conclusion was also reached by the Court of Appeals of the Sixth District in Lucas County in the unreported case of *The Toledo Railways & Light Company* v. *Yahnke*.

We find no other error justifying a reversal of the judgment, but for the error in receiving the evidence of Dr. Wenning and the daughter of the plaintiff, as above set forth, over the objection and exception of the defendant, the judgment of the common pleas court will be reversed and the cause remanded for a new trial.

RICHARDS, J., and KINKADE, J., concur.